IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 07-cv-01007-MSK-CBS

ROBERT L. BAKER, and
STACY A. BAKER,

       Plaintiffs,

v.

GO TOYOTA SCION ARAPAHOE,
GO NISSAN ARAPAHOE,
GO HYUNDAI MAZDA 104th, and
GO FORD WEST,

       Defendants.

## ORDER REMANDING CASE TO STATE COURT

THIS MATTER comes before the Court on the following motions:

(1)     A Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1) and (5) **(#13, renewed at #42)** by Defendants Go Nissan Arapahoe and Go Ford West, to which the Plaintiffs responded **(#25, renewed at #46)** and these Defendants replied **(#32)**;

(2)     A Motion to Compel Arbitration **(#14)** of the claims asserted by Jeffrey and Tiffany Lyga, filed by Defendant Go Toyota Scion Arapahoe, to which the Plaintiffs' responded **(#24)**;[1]

(3)     The Plaintiffs' Motion to Remand to State Court **(#20)**, to which the Defendants

---

[1] Jeffrey and Tiffany Lyga were Plaintiffs who voluntarily withdrew their claims. Thus, this motion to compel arbitration is moot.

responded **(#31),** the Plaintiffs replied **(#36)**, and the parties supplemented their arguments **(#62, #64)**.

Having considered the same, the Court

**FINDS** and **CONCLUDES** that:

### I. Jurisdiction

The parties contest whether the Court has subject matter jurisdiction in this action.

### II. Background

The Plaintiffs in this action are Robert and Stacy Baker (hereinafter, "the Bakers"). They commenced this action in the Adams County District Court against Defendants Go Toyota Scion Arapahoe, Go Nissan Arapahoe, Go Hyundai Mazda 104th, and Go Ford West (collectively, "the automobile dealers"). They filed their Complaint as a class action complaint, but no party has sought certification of any class at this juncture.

The Bakers' claims stem from their purchase of a Mitsubishi Lancer from Go Mazda Hyundai 104th.[2] They allege that this and other "Go" automobile dealers charged them and similarly situated individuals an illegal "delivery and handling fee" of $369.00 for preparing legal documents necessary to effectuate the sale of a motor vehicle.

The Bakers assert four claims in their Amended Complaint **(#40)**. In Claim 1, they allege that the automobile dealers have violated the Colorado Consumer Credit Code ("CCCC"), § 5-3-101(2), C.R.S., which provides:

> (2) The creditor shall disclose to the consumer to whom credit is extended with respect to a consumer credit transaction the

---

[2] This appears from the allegations in the Complaint to be the same entity named as Go Hyundai Mazda 104th in the Complaint.

>>information, disclosures, and notices required by the federal "Truth
>>in Lending Act", the federal "Consumer Leasing Act", and any
>>regulation thereunder.

The Bakers allege that the delivery and handling fee constitutes a "finance charge" under the Truth in Lending Act, § 1605, and was required to be disclosed. In Claim 2, the Bakers allege that they are entitled to recover the delivery and handling fee because its imposition was unconscionable pursuant to the CCCC. In Claim 3, they allege the violation of the Colorado Consumer Protection Act. In Claim 4, they assert a common law claim for money had and received.

The automobile dealers removed the action to this Court on the basis that Claim 1 arises under federal law. As to Claims 2 through 4, they asserted that the Court may exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

The Bakers have moved to remand the action to state court. The automobile dealers oppose the motion. Subsequently, the parties filed a Stipulation for Dismissal with Prejudice of Plaintiffs' First Claim for Relief.

### III. Analysis

The Bakers move to remand this action to the Adams County District Court. They contend that the only claims they assert in this action arise under Colorado law, and there is no basis for federal court jurisdiction. They further argue that there is no substantial question of federal law because the parties agree with regard to the law on what constitutes a finance charge under either the Truth in Lending Act or the CCCC; they simply disagree as to the facts, *i.e.,* whether the delivery and handling fee is charged uniformly to cash and credit buyers, or just to credit buyers. Finally, they argue that even if the Court considered Claim 1 to arise under federal

law, the parties have stipulated to dismiss it and the Court should decline to exercise jurisdiction.

The automobile dealers respond that Claim 1 is predicated exclusively on federal law, and gives rise to jurisdiction under 28 U.S.C. § 1331 because the claim raises a substantial question of federal law. They also contend that the Court can exercise supplemental jurisdiction over the state law claims, and should exercise its discretion to do so because important proceedings have already occurred in the case and the Bakers' motion for class certification is due at the end of the month. They assert that keeping the case in federal court will further the interests of judicial economy, convenience, fairness and comity, and will ensure a speedy determination as to class certification.

The Court has serious doubts that Claim 1 presented a substantial question of federal law. *See Nicodemus v. Union Pacific Corp.,* 440 F.3d 1227, 1235-36 (10th Cir. 2006). The claim arose under Colorado law and, from the parties' briefs, the Court discerns that there is no dispute as to an interpretation of federal law. Rather, the only dispute is a factual one – whether the delivery and handling fee was charged to both credit and cash buyers, or whether it was charged only to credit buyers.

However, because the parties have stipulated to the dismissal of Claim 1, the Court deems such claim to be withdrawn. Thus, the Court is left with Claims 2, 3 and 4, all of which arise under Colorado law. Under circumstances such as these – where federal question jurisdiction was dubious and apparently lacking to begin with – the Court declines to exercise suppplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(c)(3).

In making this determination, the Court is mindful that the case has been pending in this Court for approximately five months, and that a Scheduling Order has been in place for almost

four months. However, the Court cannot overlook that the parties have contested the propriety of subject matter jurisdiction in this Court since the automobile dealers removed it. The proceedings which have occurred in this case post-removal will undoubtedly benefit the parties upon their return to state court. Because the Court elects to remand the case to state court, it does not address the merits of the automobile dealers' motion to dismiss, which attacks the Bakers' standing to sue several of the automobile dealers and likely will impact any determination of class certification.

**IT IS THEREFORE ORDERED** that the Plaintiffs' Motion to Remand to State Court **(#20)** is **GRANTED**. The Clerk of Court is directed to remand this case to the Adams County District Court.

Dated this 18th day of October, 2007

          **BY THE COURT:**

          *Marcia S. Krieger*
          _____
          Marcia S. Krieger
          United States District Judge